**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FLORENCE MUSSAT, M.D., S.C., an Illinois Corporation, individually and on behalf class members defined herein, | ) ) ) | |
| | ) | 14-cv-4786 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAHNEMANN LABORATORIES, INC.; ALPINE PHARMACEUTICALS; and DOES 1-10, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT-CLASS ACTION**

**INTRODUCTION**

1.     Plaintiff Florence Mussat, M.D., S.C., an Illinois Corporation, ("Plaintiff")
brings this action to secure monetary and injunctive redress for the illegal actions of
Hahnemann Laboratories, Inc. ("Hahnemann") and Alpine Pharmaceuticals. ("Alpine"),
(collectively "Defendants") in faxing form advertisements that violate the Telephone
Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815
ILCS 505/2 ("ICFA"), and the common law.  A copy of the subject fax is attached as Exhibit
A, (the "subject fax" or "the fax").

2.     Doctor's offices like Plaintiff are dependent on their fax machines to send and
receive confidential and protected medical information.

3.     The TCPA expressly prohibits unlawful fax advertising and such advertising
damages the recipients, deprives the recipient of its paper and ink or toner and the use of
its fax machine, and wastes valuable time the recipient would need to determine that the

junk was unsolicited and either throw it away or delete.

4.     Unlawful faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unlawful faxes.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question) and 47 U.S.C. § 227 ("TCPA"). *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012); *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).

6.     Venue and personal jurisdiction in this District are proper because Defendants committed tortious acts in Illinois by the transmission of unlawful communications within the state, specifically targeting their advertising to Plaintiff and other physicians.

## PARTIES

7.     Plaintiff Florence Mussat, M.D., S.C., is an Illinois Corporation with offices in the Chicago metropolitan area that at all times relevant to the Complaint maintained a telephone facsimile machine corresponding with the telephone number (773) 868-3700.

8.     According to the California Secretary of State, Hahnemann Laboratories, Inc. is a California corporation located at 1940 4th Street, San Rafael, CA, 94901, and its registered agent is April Eya, with an address of 14 Crestwood Dr., San Rafael, CA 94901.

9.     Alpine Pharmaceuticals is the marketing division of Hahneman Laboratories, Inc. and exclusively handles the sale of SINECCH™.

10.     Does 1-10 are other natural or artificial persons that were involved in sending the advertisements described below.  Plaintiff does not know who they are.

2

**FACTS**

11.     Plaintiff received the subject fax advertisement, <u>Exhibit A</u>, on its facsimile machine on or around July 3, 2013.

12.     Defendants are responsible for causing to be sent and/or the sending of the subject fax.

13.     The sender of the subject fax intended the subject fax to be sent to a fax machine that could reach Plaintiff.

14.     The subject fax is an advertisement requesting Plaintiff to contact Defendants related to Defendants' business.

15.     1.888.SINECCH is a telephone number used by Alpine for its business and conducting business on behalf of Hanemann.

16.     415-451-6981 is a fax number used by Hahnemann for its business.

17.     There are no reasonable means for Plaintiff or other recipients of Defendants' advertising faxes to avoid receiving illegal faxes.

18.     Fax machines must be left on and ready to receive communications authorized by their owners, especially those in the medical community to whom Defendants' solicitation is targeting.

**COUNT I – TCPA**

19.     Plaintiff incorporates ¶¶ 1-18 above.

20.     47 C.F.R. § 64.1200 (a) (4) (iv) provides:

A facsimile advertisement that is sent to a recipient that has provided express invitation or permission to the sender must include an opt-out notice that complies with the requirements in paragraph (a) (4) (iii) of this section.

21.     47 C.F.R. § 64.1200 (a) (4) (iii) provides:

3

The advertisement contains a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements. A notice contained in an advertisement complies with the requirements under this paragraph only if--

(A) The notice is clear and conspicuous and on the first page of the advertisement;

(B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a) (4) (v) of this section is unlawful;

(C) The notice sets forth the requirements for an opt-out request under paragraph (a) (4) (v) of this section;

(D) The notice includes--

> (1) A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

> (2) If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E) The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

22.     The fax does not contain an opt-out notice compliant with 47 C.F.R. § 64.1200

(a) (4) (iii).

23.     The TCPA makes unlawful the "use of any telephone facsimile machine,

computer or other device to send an unsolicited advertisement to a telephone facsimile

machine . . . ." 47 U.S.C. §227(b)(1)(C).

24.     The TCPA, 47 U.S.C. §227(b)(3), provides:

Private right of action.

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

> (C) both such actions.

> If the Court finds that the defendant willfully or knowingly violated this

subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

25.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, Plaintiff's and each class member's statutory right of privacy was invaded.

26.     Plaintiff and each class member are entitled to statutory damages.

27.     Defendants violated the TCPA even if their actions were only negligent.

28.     Defendants should be enjoined from sending unsolicited faxes in the future.

**TCPA - CLASS ALLEGATIONS**

29.     Pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) and 23(b)(3), Plaintiff brings this claim on behalf of a class consisting of:

> All persons who were sent one or more faxes on or after June 25, 2010, that advertised the commercial availability of SINECCHI which did not contain an opt out notice described in 47 U.S.C. § 227.

30.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the proposed class.

31.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.     Whether Defendants engaged in a pattern of sending unsolicited faxes;

b.     The manner in which Defendants compiled or obtained its list of recipients; and

5

        c.     Whether Defendants thereby violated the TCPA.

32.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has already been found by one court to be an adequate class representative in another TCPA unsolicited faxed advertisement case by "participating actively" in the case. *Florence Mussat, M.D., S.C. v. Global Healthcare Resources, LLC,* 11-cv-7035, 2013 U.S. Dist. LEXIS 35107 * 13 (N.D. Ill. Mar. 13, 2013).

33.     Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.

34.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendant are small because it is not economically feasible to bring individual actions.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendant for:

        a.   Statutory damages under the TCPA;

        b.   An injunction against the further transmission of unlawful faxes;

        c.   Costs of suit;

        d.   Such other or further relief as the Court deems just and proper.

**COUNT II – ILLINOIS CONSUMER FRAUD ACT**

35.     Plaintiff incorporates ¶¶ 1-18 above.

36.     Defendants engaged in unfair acts and practices, in violation of ICFA § 2/815 ILCS 505/2, by sending unsolicited fax advertising to Plaintiff and others in the State of Illinois.

6

37.    Unsolicited fax advertising is contrary to Illinois public policy, as set forth in 720 ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

38.    Defendant engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of its advertising.

39.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner that was required to print the fax in the form of Exhibit A.

40.    Plaintiff and the class members are left with a lack of meaningful choice because there was no remedy from the harm experienced from the receipt of the fax in form of Exhibit A as Plaintiff, and presumably other doctors, need to keep their fax machines on for business purposes.

41.    While the loss may be small to Plaintiff, in the aggregate to the class, the harm caused by Defendants is believed to be more than *de minimus*.

42.    Defendants engaged in such conduct in the course of trade and commerce.

43.    Defendants' conduct caused recipients of their advertising to bear the cost thereof.   This gave Defendant an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost approximately $500,000 if sent by U.S. mail but only approximately $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due".  Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989,

101st Cong. 1st Sess.

44.     Defendants' shifting of advertising costs to Plaintiff and the class members in this manner make such practice unfair.

45.     Defendants should be enjoined from committing similar violations in the future.

## ILLINOIS CONSUMER FRAUD ACT – CLASS ALLEGATIONS

46.     Plaintiff brings this claim on behalf of a class under the Rule 23(b)(3) and Rule 23(b)(2) consisting of:

> All persons, with an Illinois area code, who were sent one or more faxes on or after June 25, 2011, that advertised the commercial availability of SINECCHI which did not contain an opt out notice described in 47 U.S.C. § 227.

47.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

48.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

        a.     Whether Defendants engaged in a pattern of sending unlawful faxes;

        b.     Defendants engaged in unfair acts; and

        c.     Whether Defendants violated the ICFA.

49.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has already been found by one court to be an adequate class representative in another TCPA unsolicited faxed advertisement case by "participating actively" in the case. *Florence Mussat, M.D., S.C. v. Global Healthcare Resources, LLC,* 11-cv-7035, 2013 U.S. Dist. LEXIS 35107 * 13 (N.D. Ill. Mar. 13, 2013).

50.    Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.

51.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because it is not economically feasible to bring individual actions.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

        a.  Actual damages;

        b.  Injunctive relief;

        c.  Attorney's fess and costs of suit; and

        d.  Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

52.    Plaintiff incorporates ¶¶ 1-18 above.

53.    By sending Plaintiff and the class members unsolicited faxes, Defendants converted to its own use ink or toner and paper belonging to Plaintiff and the class members.

54.    Immediately prior to the sending of the unsolicited faxes, Plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

55.    By sending the unsolicited faxes, Defendants appropriated to its own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

9

56. Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

57. Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose.

58. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

## CONVERSION - CLASS ALLEGATIONS

59. Plaintiff brings this claim on behalf of a class under Rule 23(b)(3) consisting of:

> All persons who were sent one or more faxes on or after June 25, 2009, that advertised the commercial availability of SINECCHI which did not contain an opt out notice described in 47 U.S.C. § 227.

60. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

61. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a. Whether Defendants engaged in a pattern of sending unsolicited faxes; and

b. Whether Defendants engaged in the conversion of ink, toner & paper.

62. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has already been found by one court to be an adequate class representative in another TCPA unsolicited faxed advertisement case by "participating actively" in the case. *Florence Mussat, M.D., S.C. v. Global Healthcare Resources, LLC,* 11-cv-7035, 2013 U.S. Dist. LEXIS 35107 * 13 (N.D. Ill. Mar. 13, 2013).

10

63.    Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.

64.    Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.

65.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

      a.   Actual damages;

      b.   Costs of suit; and

      c.   Such other or further relief as the Court deems just and proper.

### COUNT IV – PRIVATE NUISANCE

66.    Plaintiff incorporates ¶¶ 1-18 above.

67.    Defendants sending Plaintiff and the class members unlawful faxes was an unreasonable invasion of the property of Plaintiff and the Class Members and constitutes a private nuisance.

68.    Congress determined, in enacting the TCPA, that the prohibited conduct as a "nuisance." *Universal Underwrites Ins. Co. v. Lou Fusz Automotive Network, Inc.*, 401 F.3d 876, 882 (8th Cir. 2005).

69.    Defendants acted either intentionally or negligently in creating the nuisance.

70.    Plaintiff and each class member suffered damages as a result of the unlawful

faxes.

71.     Defendants should be enjoined from continuing its nuisance.

**PRIVATE NUISANCE - CLASS ALLEGATIONS**

72.     Plaintiff brings this claim on behalf of a class under Rule 23(b)(3) consisting

of:

> All persons who were sent one or more faxes on or after June 25, 2009, that
> advertised the commercial availability of SINECCHI which did not contain an opt out
> notice described in 47 U.S.C. § 227.

73.     The class is so numerous that joinder of all members is impractical. Plaintiff

alleges on information and belief that there are more than 40 members of the class.

74.     There are questions of law and fact common to the class that predominate

over any questions affecting only individual class members. The predominant common

questions include:

a.      Whether Defendants engaged in a pattern of sending unlawful faxes; and

b.      Whether Defendants engaged in the invasion of privacy thereby creating a

private nuisance.

75.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff

has already been found by one court to be an adequate class representative in another

TCPA unsolicited faxed advertisement case by "participating actively" in the case. *Florence

Mussat, M.D., S.C. v. Global Healthcare Resources, LLC,* 11-cv-7035, 2013 U.S. Dist. LEXIS

35107 * 13 (N.D. Ill. Mar. 13, 2013).

76.     Plaintiff has retained counsel experienced in handling class actions and

claims involving unlawful business practices.

77.     Plaintiff has retained counsel experienced in handling class actions and

claims involving unlawful business practices.

78.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

      a.   Actual damages;

      b.   Costs of suit; and

      c.   Such other or further relief as the Court deems just and proper.

### COUNT IV – TRESPASS TO CHATTELS

79.     Plaintiff incorporates ¶¶ 1-18 above.

80.     Plaintiff and the class members were entitled to possession of the equipment they used to receive faxes.

81.     Defendants sending Plaintiff and the class members unlawful faxes interfered with their use of the receiving equipment and constitutes a trespass to such equipment. *Chair King v. Houston Cellular,* 95cv1006, 1995 WL 1693093 at * 2 (S.D. Tex. Nov. 7, 1995) (denying a motion to dismiss with respect to the plaintiff's trespass to chattels claim for unlawful faxes, *vacated on jurisdictional grounds* 131 F.3d 507 (5th Cir. 1997)).

82.     Plaintiff and each class member suffered damages as a result of their receipt of the unlawful faxes.

83.     Defendants should be enjoined from continuing trespasses.

13

**TRESPASS TO CHATTLES - CLASS ALLEGATIONS**

84.     Plaintiff brings this claim on behalf of a class under Rule 23(b)(3) consisting

of:

> All persons who were sent one or more faxes on or after June 25, 2009, that advertised the commercial availability of SINECCHI which did not contain an opt out notice described in 47 U.S.C. § 227.

85.     The class is so numerous that joinder of all members is impractical. Plaintiff

alleges on information and belief that there are more than 40 members of the class.

86.     There are questions of law and fact common to the class that predominate

over any questions affecting only individual class members. The predominant common

questions are whether:

   a.     Whether Defendants engaged in a pattern of sending unlawful faxes; and

   b.     Whether Defendants committed a trespass to chattels.

87.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff

has already been found by one court to be an adequate class representative in another

TCPA unsolicited faxed advertisement case by "participating actively" in the case. *Florence

Mussat, M.D., S.C. v. Global Healthcare Resources, LLC,* 11-cv-7035, 2013 U.S. Dist. LEXIS

35107 * 13 (N.D. Ill. Mar. 13, 2013).

88.     Plaintiff has retained counsel experienced in handling class actions and

claims involving unlawful business practices.

89.     Plaintiff has retained counsel experienced in handling class actions and

claims involving unlawful business practices.

90.     A class action is an appropriate method for the fair and efficient adjudication

of this controversy. The interest of class members in individually controlling the

14

prosecution of separate claims against Defendants is small because it is not economically feasible to bring individual actions.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

      a.  Appropriate damages;

      b.  An injunction against the further transmission of unlawful fax advertisements; and

      c.  Costs of suit.

Respectfully submitted,

s/ Curtis C. Warner
   Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
1400 E. Touhy Ave., Ste. 425
Des Plaines, IL 60018
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

## NOTICE OF LIEN AND ASSIGNMENT

Please take notice that Plaintiff's counsel claims a lien upon any recovery herein for 1/3 or such an amount as the court awards.  All rights relating to attorney's fees have been irrevocably assigned to counsel.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
1400 E. Touhy Ave., Ste. 425
Des Plaines, IL 60018
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

# EXHIBIT A

# SINECCH™ and SINECCHi™

**Use SINECCH For Post-Op Recovery and SINECCHi for Recovery From Dermal Fillers and Minor Procedures. Each Patient Will Require One Package For Recovery.**

**The Only Arnica Clinically Proven to Reduce Bruising and Swelling - We are the Arnica Experts!**

# ORDER FORM

## SINECCH™ For Post-Op Recovery

| | | | | MSRP $29.95 | BILLED | PREPAID (-2%) |
|---|---|---|---|---|---|---|
| 1 | Shelf Pack | 16 boxes | | $19.95 each | $319 _____ | $312 _____ |
| 2 | Shelf Packs | 32 boxes | | $19.95 each | $638 _____ | $624 _____ |
| 3 | Shelf Packs | order a case instead for same price | | | | |
| 1 | Case | 64 boxes | | $15.00 each | $960 _____ | $940 _____ |
| 2 | Cases | 128 boxes | | $14.00 each | $1792 _____ | $1752 _____ |

## SINECCHi™ For Fillers and Minor Procedures

| | | | MSRP $12.95 | BILLED | PREPAID |
|---|---|---|---|---|---|
| 1 | Starter | 12 boxes | $6.25 each | $75.00 ____ | $73.50 ____ |
| 1 | Shelf Pack | 36 boxes | $5.75 each | $207.00 ____ | $202.86 ____ |
| 1 | ½ Case | 72 boxes | $5.45 each | $392.40 ____ | $384.55 ____ |
| 1 | Case | 144 boxes | $5.25 each | $756.00 ____ | $740.88 ____ |

PRODUCT TOTAL _____

| Shipping & Handling by UPS | Ground | 2nd Day | Next Day | |
|---|---|---|---|---|
| Less than a Case | $9 | $16 | $30 | SHIPPING _____ |
| CASE | $9 | $20 | $50 | |

Total _____

SHIP TO: _____

c/o _____

address _____

city _____ state _____ zip _____

telephone _____ fax _____

email _____

Bill____ Credit Card AmEx__ MC__Visa__ #_____ Exp ___/___

Signature _____

**Call Toll-Free 1.888.SINECCH, or Fax this form to: ALPINE PHARMACEUTICALS**
**1940 Fourth St. San Rafael, CA 94901 | 888.746.3224 | 415.451.6981 fax | USA**

10/2012