# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **FLORENCE MUSSAT, M.D., S.C.**, an Illinois Corporation, individually and on behalf of class members defined herein, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 14 C 4786 |
| | ) |
| **HAHNEMANN LABORATORIES, INC.**;<br>**ALPINE PHARMACEUTICALS**; and<br>**DOES 1-10**, | )<br>)<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Regrettably some lawyers appear to think of federal pleading as a sort of game -- or even worse, as the very game that movie buffs who have elevated "Bang the Drum Slowly" to a sort of cult film will recognize as TEGWAR, which the star pitcher played by Michael Moriarty reveals to the tragic third-string catcher played stunningly by a then little-known young Robert DeNiro as an acronym for "The Exciting Game Without Any Rules." Something of that mindset appears to be exhibited by counsel for Hahnemann Laboratories, Inc. ("Hahnemann") in the Answer to the Amended Complaint filed last week in this action.

Thus, for example, after Hahnemann's having admitted in Answer ¶ 9 "that it sent the subject fax" that triggered the Complaint on the ground that the fax assertedly violated the Telephone Consumer Protection Act, its counsel nonetheless goes on to lodge a Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer to this allegation in Complaint ¶ 10:

The sender of the subject fax intended the subject fax to reach Plaintiff.

That is truly bizarre -- how can Hahnemann, as the acknowledged sender of the fax, not possess knowledge or information sufficient to form a belief as to its own intention?

Nor is that the only instance of what seems to be excessive cuteness (in the pejorative sense) on the part of the pleader. For example, that seems to apply to Answer ¶ 11, which would appear to call for a straightforward admission of Complaint ¶ 11's allegation in light of Hahnemann's admissions in Answer ¶¶ 12 and 13.

This memorandum order will not proceed to parse all aspects of Hahnemann's Answer. Instead it commends to Hahnemann's counsel a sharper look at that pleading to see whether a recasting would not be constructive in fulfilling the basic notion of notice pleading: to inform the adversary (and incidentally, the court) as to just what is and is not at issue between the litigants.

                                                Milton I. Shadur
                                                Senior United States District Judge

Date: October 15, 2014